STARKEY *v.* GUNN.

Opinion delivered June 19, 1897.

VENDOR'S LIEN—ENFORCEMENT—DEFENSE.—In a suit against the adminis-
trator, widow and heirs of a deceased vendee to foreclose a vendor's
lien on land, the widow cannot defend and ask that title be conveyed to
her upon the ground that she made advances to her husband in his life-
time to pay part of the purchase money, and for improvements on the
land, and that since his death she has tendered to the vendor the balance
of the purchase money. (Page 202.)

Appeal from Monroe Circuit Court in Chancery.

JOHN C. HAWTHORNE, Special Judge.

*H. A. & J. R. Parker,* for appellants.

The appellant Starkey is entitled to the relief prayed by
her. Harris on Sub. 691 to 718; 31 At. Rep. 521; 56 Mo.
App. 401; 2 Perry, Trusts, § 666; 1 Cord on Mar. Wom.
§ 85, p. 133; 2 *id.* §§ 1177, 1182; 47 Ark. 111; 51 *id.* 351;
59 *id.* 261; 56 *id.* 217; 58 *id.* 20; 41 *id.* 63; 5 Ind. 407; 26
Ark. 344; 28 *id.* 290; 28 At. Rep. 502; *ib.* 648.

*C. F. Greenlee,* for appellee.

The title bond was made to J. M. Folkes, and his *heirs*
are entitled to the deed. 52 Ark. 381. No tender was made.
33 Ark. 340. The decree is correct, Mrs. Starkey really getting
all she was entitled to, and all the court could grant her under
the pleadings and proof.

BATTLE, J. In 1888 Gunn & Black sold eleven acres of
land to J. M. Folkes for the sum of $456, which was to be paid
in five instalments of $91.20 each, the first instalment to be due
in two years from date, and the last in six. For each of these
instalments, Folkes executed his note to Gunn & Black, and
they executed to him their bond for title, and thereby bound
themselves to convey the land to him when the notes were paid.
After this Black died, and then Folkes died intestate, leaving a
widow, now Libbie J. Starkey, and Libbie J. Folkes, a minor,

his only heir, him surviving. G. F. Johnson was appointed administrator of his estate. Gunn became sole owner of the notes, and brought this action against the administrator, widow and heir to foreclose the . lien on the land which he held to secure the payment of the notes, they being wholly unpaid.

A guardian *ad litem* was appointed for the minor heir, who answered, denying the allegations in the complaint. Mrs. Starkey answered, and alleged that she had tendered the full amount of the notes to the holders thereof, and had paid with her own money for all the improvements made on the land, and had furnished her husband, J. M. Folkes, in his lifetime, with the money to pay the notes, and that he failed to do so; and she asked that, upon her payment of the notes, the title to the land be vested in her; but she filed no cross-complaint against the administrator or heir.

Upon the final hearing the allegations in the complaint were proved; and evidence was adduced tending to prove that Mrs. Starkey had tendered the amount of the notes, but it was on condition that the land be conveyed to her, and that she had paid for valuable improvements on the land.

The court decreed that the lien of the vendor be foreclosed, and that the land be sold to pay the notes. Upon motion of Mrs. Starkey, and it appearing that the land constituted the homestead of her husband, J. M. Folkes, at the time of his death, the decree was modified, and it was ordered that she be subrogated to all the rights of the vendor, upon the payment by her of the amount found due upon the notes, and interest thereon at the rate of six per cent. per annum, and costs of the suit; and the court allowed her time in which to do so.

She is the only party complaining of this decree, and she complains without sufficient cause. The advancement of money by her to Folkes to pay notes, and payments by her for improvements, constitute no defense to this action. If she was entitled to any relief on account thereof, it was against the estate of her late husband. The tenders of payment of notes on condition that the land be conveyed to her were no defense. The vendors of her husband were not authorized to convey it to her upon payment of the notes. They could not absolve themselves from the obligation of their bond for title in such a

manner. Consequently, the plaintiff was entitled to the relief granted by the decree.

Decree affirmed.

WOOD, J., absent.